IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JAMES ROBINSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:24-cv-358-ECM-JTA |
| | ) | (WO) |
| ALCORNELIA TERRY, JOHN Q. | ) | |
| HAMM, and STEVE MARSHALL, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

I.  **INTRODUCTION**

On July 24, 2024, the court ordered,

> **on or before August 14, 2024,** Plaintiff shall file written notice whether he is currently in custody and state the name of the custodial facility, if applicable. . . . ***Failure to comply with this Order may result in dismissal of this case with or without prejudice for failure to prosecute and failure to comply with court orders.***

(Doc. No. 6 at 3.) Robinson has failed to provide written notice as ordered.

Instead, on August 16, 2024, Robinson filed a purported "Answer to Court's Order and MOTION (Request) for District Judge to Grant Recusal of Magistrate Judge." (Doc. No. 7.) However, this answer did not contain any information as to whether Robinson is in custody, and if so, where. The court first addresses Robinson's failure to provide notice of custody and then addresses his motion for recusal.

## II. DISCUSSION

### A. Failure to Provide Notice of Custody

In Robinson's response, he did not clearly state whether he is in custody, and if so, the name of the custodial facility where he is located. Robinson did provide an Alabama Institutional Serial ("AIS") number, but that number returned no results on Alabama's Department of Corrections website.[1]

Whether Robinson is in custody affects the initial processing and screening of the Complaint and the disposition of the motion for leave to proceed *in forma pauperis*, among other things. *See, e.g.*, 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(a). Furthermore, Rule 11 of the Federal Rules of Civil Procedure, which applies to counsel and unrepresented parties, requires that documents filed with the court shall not be "presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation," but shall be "warranted by existing law or by nonfrivolous argument for extending modifying or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(1)-(2). Additionally, all factual contentions in a document filed with the court must "have evidentiary support or, if specifically, so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b)(3).

Accordingly, Robinson **must** inform the court **(1) whether he is currently in custody**, and if so, **(2) the name of the facility where he is in custody**. Alternatively, if

---

[1] https://doc.alabama.gov/inmatesearch

Robinson is not in custody, Robinson **must state** his **current county and state of residence** and **the name and location of the last facility at which he was incarcerated**. Again, **failure to comply with this Order may result in dismissal of this case with or without prejudice for failure to prosecute and failure to comply with court orders.**

### B. Motion for Recusal

Robinson filed a "MOTION (Request) for District Judge to Grant Recusal of Magistrate Judge."[2] (Doc. No. 7.) Robinson cites to adverse decisions made by the undersigned in an unrelated case (1:19-cv-39), namely granting several continuances to the defendants. (Doc. No. 7 at 2.) While the undersigned was eventually assigned to that case, the orders granting extensions of time to defendants were not issued by the undersigned. Those orders were issued by United States Magistrate Judge Charles S. Coody. *See Robinson v. Hamm, et. al*, 1:19-cv-39-WKW-JTA (Docs. No. 29, 45, 63).

Robinson has filed at least 35 cases in this court, so it is possible that the undersigned has ruled adversely against him in previous cases. Nevertheless, previous adverse rulings are not a sufficient basis for recusal. *See In re Evergreen Sec., Ltd.*, 570 F.3d 1257, 1274 (11th Cir. 2009) ("Challenges to adverse rulings are generally grounds for appeal, not recusal."); *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) ("[A] judge's rulings in the same or a related case are not a sufficient basis for recusal."); *Jaffe v. Grant*, 793 F.2d 1182, 1189 (11th Cir. 1986) ("[A] motion for recusal may not ordinarily be predicated upon the

---

[2] The undersigned is ruling on this motion because this case was referred to the undersigned for "all pretrial proceedings and entry of any orders or recommendations as may be appropriate." (Doc. No. 4.) Nonetheless, Robinson may object and seek review from the district judge under Federal Rule of Civil Procedure 72(a). Robinson must file any objections within 14 days of being served with a copy of this order. *See* Fed. R. Civ. P. 72(a).

3

judge's rulings in the same or a related case."). There is an exception when the adverse rulings "'stem from an extra-judicial source' and show a sufficiently 'pervasive bias' to necessitate recusal." *Daker v. Warren*, 2023 WL 4560224, at *4 (11th Cir. July 17, 2023) (quoting *Loranger v. Stierheim*, 10 F.3d 776, 780–81 (11th Cir. 1994)). Yet, Robinson has provided no evidence the adverse rulings (incorrectly) cited stemmed from an extra-judicial source or showed pervasive bias. Robinson has simply referenced adverse rulings, which alone do not warrant recusal. As such, his motion for recusal is due to be denied.

### III. CONCLUSION

Accordingly, it is ORDERED as follows:

1. Robinson **must** inform the court (a) whether he is currently in custody, and if so, (b) the name of the facility where he is in custody by **September 3, 2024**. Alternatively, if Robinson is not in custody, he **must state** his current county and state of residence and the name and location of the last facility at which he was incarcerated by **September 3, 2024**.

2. The Motion for Recusal is DENIED.

**Robinson is ADVISED that failure to comply with this Order may result in dismissal of this case with or without prejudice for failure to prosecute and failure to comply with court orders.**

DONE this 20th day of August, 2024.

_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE