IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JAMES ROBINSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:24-cv-358-ECM-JTA |
| | ) (WO) |
| ALCORNELIA TERRY, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

Before the court is the motion for leave to proceed *in forma pauperis* filed by *pro se* Plaintiff James Robinson. (Doc. No. 2.) Upon review of the motion, it is due to be granted. In addition, Plaintiff will be ordered to file an amended complaint that complies with this Order.

I. DISCUSSION

Because Plaintiff is proceeding *in forma pauperis*, the court must review his pleading(s) under 28 U.S.C. § 1915(e)(2)(B). Under that statute, the court is required to dismiss a complaint if it determines that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i) – (iii). Upon review, the court finds the complaint contains numerous deficiencies that must be remedied before this case can proceed.

Under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While detailed factual allegations are not required, a plaintiff must present "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555 (noting that, although a court must accept all factual allegations in a complaint as true at the motion to dismiss stage, it need not "accept as true a legal conclusion couched as a factual allegation")).

In its current state, Plaintiff's complaint fails to satisfy the Federal Rules of Civil Procedure. Throughout the complaint, Plaintiff alleges Defendants violated his 13th, 14th, and 8th Amendment rights in violation of 28 U.S.C. § 1983. (Doc. No. 1.) Plaintiff alleges various facts throughout his complaint, but they are not linked specifically to the 13th,

14th, or 8th Amendment rights. This makes it difficult to discern what civil rights Plaintiff believes have been violated, how they were allegedly violated, and by whom.[1] The complaint further appears to be "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action," which "fail to . . . give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm Beach Cty. Sheriff's Off.*, 792 F.3d 1313, 1322–23 (11th Cir. 2015). Thus, as written, the complaint is an impermissible shotgun pleading[2] that fails to state a viable legal claim. *See id.*

---

[1] For example, Plaintiff alleges he is being held under illegal slavery because Defendants are "holding Robinson in Alabama prison without legal justification." (Doc. No. 1 at 2.) However, at a status conference on October 18, 2024, Plaintiff informed the court he is not currently incarcerated as he was released on parole in 2018. Plaintiff also provided documents stating the same to the court which have been filed and placed under seal.

[2] The Eleventh Circuit has defined shotgun pleadings as follows:

> Though the groupings cannot be too finely drawn, we have identified four rough types or categories of shotgun pleadings. The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type, at least as far as our published opinions on the subject reflect, is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of **being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action.** The third type of shotgun pleading is one that commits the sin of **not separating into a different count each cause of action or claim for relief.** Fourth, and finally, there is the relatively rare sin of **asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.** The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.

*Weiland*, 792 F.3d at 1323 (footnotes omitted) (emphasis added).

To the extent Plaintiff seeks to state a claim under § 1983, he must demonstrate (1) a violation of a right secured by the Constitution or laws of the United States; and (2) that the alleged violation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). To do this, Plaintiff must clearly articulate what right he believes has been violated, how he believes that right has been violated, and by whom. To the extent practicable, and for further clarity, Plaintiff should also state when and where the alleged violation occurred. Absent allegations sufficient to satisfy both the Federal Rules and the § 1983 standard set forth above, the court will be required to dismiss this action.

## II.   CONCLUSION

Accordingly, is ORDERED as follows:

1. Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. No. 2) is GRANTED.

2. On or before **December 11, 2024,** Plaintiff must file an amended complaint that complies with the following requirements:

    a. Names as defendants only those individuals he contends are personally responsible for the alleged violations of his constitutional rights.

    b. Sets out a short, plain statement of the facts on which Plaintiff bases his claims. The amended complaint must specifically describe how each named defendant acted, or failed to act, in a manner that deprived Plaintiff of his constitutional rights.

      c.      Presents a short and plain statement of each claim showing that Plaintiff is entitled to relief and that "give[s] the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (citation omitted); Fed R. Civ. P. 8(a)(2). The amended complaint should set out each claim in a separately numbered count and reference specific allegations of fact that support each legal claim.

*Plaintiff is advised that failure to timely file an amended complaint in compliance with the requirements of this Order may constitute grounds for dismissal for failure to prosecute this case and for failure to comply with the court's orders. Such dismissal may be with or without prejudice.*

DONE this 25th day of November, 2024.

_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE