IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JAMES ROBINSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:24-cv-358-ECM-JTA |
| | ) (WO) |
| ALCORNELIA TERRY, et al., | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE AND ORDER**

Before the court are Defendants John Q. Hamm's and Steve Marshall's Motion for Summary Judgment (Doc. No. 29), *pro se* Plaintiff James Robinson's Motion to Strike and Compel Defendant to Produce Pursuant to Rule 12(f) or to Treat as Motion in Opposition to Summary Judgement (sic) (Doc. No. 31), and Plaintiff's Motion for Court Order Production of Documents (Doc. No. 34).[1]

For the following reasons, the undersigned denies Plaintiff's motions and recommends Defendants' motion for summary judgment be granted and the case be dismissed against all Defendants.

---

[1] This case was referred to the undersigned for all pretrial proceedings and the entry of any orders or recommendations as may be appropriate. (Doc. No. 4.)

## I.   JURISDICTION

This court has subject matter jurisdiction over this action based on federal question jurisdiction because Plaintiff brings claims pursuant to 42 U.S.C. § 1983 and alleges various Constitutional violations. 28 U.S.C. § 1331.

The parties do not contest personal jurisdiction or venue, and the court finds sufficient allegations to support both in the Middle District of Alabama.

## II.   PROCEDURAL HISTORY AND ALLEGATIONS

On June 14, 2024, Plaintiff filed his initial complaint against Defendants. (Doc. No. 1.) Because Plaintiff is proceeding *pro se*, the court reviewed Plaintiff's complaint under 28 U.S.C. § 1915(e)(2)(B) and determined Plaintiff's complaint was insufficient to satisfy the Federal Rules of Civil Procedure and the standard to state a claim under 42 U.S.C. § 1983. (Doc. No. 14.) Accordingly, the court ordered Plaintiff to file an amended complaint. (*Id.*) Plaintiff filed a motion to amend which the court construed as his first amended complaint on January 2, 2025. (Docs. No. 16, 18, 19.) On February 3, 2025, Plaintiff filed another motion to amend, which the court granted and construed as his second amended complaint. (Docs. No. 20, 21, 22.)

The court directed the Clerk of Court to proceed with service of process because Plaintiff plausibly alleged two claims under 42 U.S.C. § 1983. (Doc. No. 21.) In his second amended complaint, Plaintiff alleges Defendants used falsified documents to incarcerate him past his 15-year sentence. (Doc. No. 20 at 2.) Plaintiff avers his over-incarceration was in retaliation for "filing grievances, reporting misconduct, and speaking out about prison conditions." (*Id.*)

On April 25, 2025, Defendants John Q. Hamm and Steve Marshall filed a motion for summary judgment. (Doc. No. 29.)[2] On May 15, 2025, Plaintiff filed a Motion to Strike and Compel Defendant to Produce Pursuant to Rule 12(f) or to Treat as Motion in Opposition to Summary Judgement (sic). (Doc. No. 31.) The undersigned construes this document as Plaintiff's response to Defendants' motion for summary judgment. On May 27, 2025, Defendants filed a reply. (Doc. No. 33.) On June 6, 2025, Plaintiff filed a Motion for Court Order Production of Documents. (Doc. No. 34.)

This matter is ripe for review.

### III.   STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Palm v. United States*, 904 F. Supp. 1312, 1314 (M.D. Ala. 1995) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the 'pleadings, depositions, answers to interrogatories, and admissions of file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing, or pointing out to,

---

[2] Defendant Terry has not appeared in this case. Although the Clerk of Court issued and mailed a summons, no return receipt card was docketed for Defendant Terry. (Doc. No. 23.)

3

the district court that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id*. at 322-324. A factual dispute is genuine if the evidence would allow a reasonable jury to find for the nonmoving party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

Once the moving party has met its burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324. To avoid summary judgment, the nonmoving party "must do more than show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 (1986). On the other hand, the evidence of the nonmovant must be believed and all justifiable inferences must be drawn in its favor. *See Anderson*, 477 U.S. at 255.

After the nonmoving party has responded to the motion for summary judgment, the court must grant summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). As stated in *Celotex*, if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to [his] case, and on which [he] will bear the burden of proof at trial," the moving party is entitled to summary judgment. *Celotex*, 477 U.S. at 322.

## IV. FACTS[3]

In 1987 and 1988, Plaintiff pleaded guilty to possession of a forged instrument and burglary. (Doc. No. 29-1 at 7.) In 1988, he was sentenced to 20- and 25-years confinement respectively, with the sentences to run concurrently.[4] (*Id*.) In 1998, Plaintiff pleaded guilty to possession of a forged instrument, forgery, and breaking and entering a vehicle. (*Id*. at 10–14.) In May of 1999, Judge Sidney Jackson, a circuit judge in Houston and Henry Counties, sentenced Plaintiff to four 25-year concurrent sentences. (Doc. No. 31-1 at 2.) Judge Jackson specified these sentences were to not only run concurrently with each other, but also with the 15 years remaining on Plaintiff's 1988 sentence for burglary. (*Id*.)

In 2016, the Circuit Court of Houston County confirmed Plaintiff was sentenced to concurrent sentences in 1998 and ordered a new transcript be issued reflecting such. (Doc. No. 22-3.)[5] In 2018, Judge Larry Anderson in the Circuit Court of Houston County granted Plaintiff's habeas petition in regard to his 1998 convictions and ordered Plaintiff be released from custody. (Doc. No. 22-4 at 1–2.) The Houston County Court stated Plaintiff

---

[3] Unless otherwise indicated, the facts set forth in this section are all undisputed. All reasonable inferences are drawn in favor of the nonmoving party, as they must be at this stage of the litigation.

[4] Concurrent sentences mean the two sentences run at the same time. *Sentence, concurrent sentences*, *Black's Law Dictionary* (12th ed. 2024). The longest sentence controls the end date of incarceration. Here, that means the state court sentenced Plaintiff to serve a total of 25 years. In contrast, two consecutive sentences run back-to-back. *Sentence, consecutive sentences, Black's Law Dictionary* (12th Ed. 2024). For example, if a defendant was sentenced to 20- and 25-year sentences to run concurrently, the total amount jail time would be 45 years.

[5] It is unclear whether the prior transcript incorrectly stated the sentences were to run consecutively. However, the amended transcript notes "OLD MRD – 10/11/2054, NEW MRD – 01/22/2026." (Doc. No. 29-1 at 10.) This suggests at least two of the 25-year sentences were incorrectly notated as consecutive sentences.

served his time in January 2010. (*Id*. at 2.) In 2019, after a hearing where Defendant Terry provided testimony about Plaintiff's sentences, the Houston County Court modified its 2018 Order.[6] Defendants' Joint Special Report, Exhibit 17 at 1–5, *Robinson v. Dunn, et al.*, No. 1:19-cv-39-WKW-JTA (M.D. Ala.) (Doc. No. 90-17).[7] The Houston County Court ordered that its 2018 Order be modified to reflect Plaintiff had not completed the sentences in his 1998 convictions. *Id*. at 2.

## V.    DISCUSSION

Defendants Hamm and Marshall argue Plaintiff's sentence was calculated correctly and that the doctrine of res judicata bars Plaintiff's complaint. (Doc. No. 29 at 8–9.) Plaintiff responds he was never sentenced to serve a full 25-year sentence in any of his 1998 convictions. (Doc. No. 31 at 1.) Plaintiff maintains Defendants have not provided a sentencing transcript or the 2018 Houston County case action summary. (*Id*. at 2.)

---

[6] The Houston County court's 2018 Order and subsequent reversal in its 2019 Order formed the basis for Plaintiff's prior action in this court: *Robinson v. Dunn, et al.*, Case No. 1:19-cv-39-WKW-JTA (M.D. Ala.). Both parties ask the court to take judicial notice of this case. (Doc. No. 29 at 2; Doc. No. 31 at 2.) Courts "may take judicial notice of public records within its files relating to the particular case before it or other related cases." *Cash Inn of Dade, Inc. v. Metropolitan Dade Cnty.*, 938 F.2d 1239, 1243 (11th Cir. 1991). Although neither party requests the court take notice of a specific document, the undersigned takes judicial notice of the following public records in Case No. 1:19-cv-39-WKW-JTA: Defendants' Joint Special Report (Doc. No. 90), Plaintiff's Response to the Special Report (Doc. No. 128), the Recommendation of the Magistrate Judge (Doc. No. 130), the Order overruling Plaintiff's objections and adopting the Recommendation of the Magistrate Judge (Doc. No. 132), and the Final Judgment (Doc. No. 133).

[7] Courts may take judicial "notice of another court's order only for the limited purpose of recognizing the judicial act that the order represents or the subject matter of the litigation." *United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994) (quotation omitted). Because the court is using the 2019 Order for the limited purpose of recognizing the "judicial act" it represents, the court takes judicial notice of the 2019 Order.

Defendants reply there is no genuine dispute of fact and, thus, they are entitled to judgment as a matter of law. (Doc. No. 33 at 1.)

    A.  Request for Documents and Motion for Production of Documents

Because Plaintiff is proceeding *pro se*, the undersigned liberally construes Plaintiff's Motion to Strike and Compel Defendant (Doc. No. 31) and his statements about Defendant not producing certain documents as a motion under Rule 56(d). *See* Fed. R. Civ. P. 56(d) ("If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may defer considering the motion or deny it[.]"). In seeking protection of Rule 56(d), Plaintiff must show that postponing ruling on the motion for summary judgment "'will enable [him], by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact.'" *Smedly v. Deutsche Bank Tr. Co. Americas*, 676 F. App'x 860, 862 (11th Cir. 2017) (per curiam) (quoting *Fla. Power & Light Co. v. Allis Chalmers Corp.*, 893 F.2d 313, 316 (11th Cir. 1990)). "'[V]ague assertions that additional discovery will produce needed, but unspecified facts' fail to meet this burden." *Id*. (quoting *Fla. Power & Light*, 893 F.2d at 1316) (alterations in original)). Plaintiff also filed a Motion for Court Order Production of Documents. (Doc. No. 34.)

Through his two motions, Plaintiff is seeking three documents: the sentencing transcript that was signed by Judge Jackson,[8] the case action summary from the Houston

---

[8] Although Plaintiff does not have a sentencing transcript from Judge Jackson, he did attach an affidavit from Judge Jackson to his second amended complaint. (Doc. No. 22-2.) In his affidavit, Judge Jackson stated he sentenced Plaintiff to serve 25 years in 1998, and clarified he intended

7

County case, and an affidavit from Defendant Marshall admitting or denying that he gave orders to ADOC Legal Division to file a motion to vacate Robinson's discharge by Writ of Habeas Corpus. (Docs. No. 31 at 1–2, 34 at 2.) While Plaintiff states the case action summary would prove Judge Anderson "was lied to, deceived and tricked by ADOC legal division" (Doc. No. 31 at 2), Plaintiff does not explain how any of the requested documents would refute Defendants' argument this case is barred by the doctrine of res judicata.

Because Plaintiff provides only vague assertions that he needs these documents, the motions are due to be denied. *See Harris v. Standard Guar. Ins. Co.*, No. 2:24-cv-153-JHE, 2025 WL 1970029, at *8 n. 17 (N.D. Ala. July 16, 2025) (denying a Rule 56(d) motion because it was doubtful any additional facts would be relevant given the basis for summary judgment was res judicata).

B. Res Judicata

Res judicata, or claim preclusion, "bars the filing of claims which were raised or could have been raised in an earlier proceeding." *Maldonado v. United States Att'y Gen.*, 664 F.3d 1369, 1375 (11th Cir. 2011). To invoke res judicata, the party raising it "must establish four elements: that the prior decision (1) was rendered by a court of competent jurisdiction; (2) was final; (3) involved the same parties or their privies; and (4) involved the same causes of action." *TVPX ARS, Inc. v. Genworth Life & Annuity Ins. Co.*, 959 F.3d 1318, 1325 (11th Cir. 2020). The fourth element asks "whether a case 'arises out of the same nucleus of operative facts, or is based upon the same factual predicate, as a former

---

Plaintiff's sentences to run concurrently with each other and with the 15 years remaining on his 1988 sentence for burglary. (Doc. No. 22-2 at 3.)

action.'" *Id*. (quoting *Griswold v. County of Hillsborough*, 598 F.3d 1289, 1293 (11th Cir. 2010)).

Defendants Hamm and Marshall argue Plaintiff's previous case in this court, *Robinson v. Hamm*, No. 1:19-cv-39-WKW-JTA, bars his current claim. (Doc. No. 29 at 9.) The undersigned agrees. Here, the first two elements of res judicata are easily established. First, the prior decision was rendered by this court, which is a court of competent jurisdiction. Second, the court entered a final judgment on the merits and adopted the magistrate judge's Report and Recommendation, which recommended dismissal with prejudice. *Robinson*, No. 1:19-cv-39-WKW-JTA (Docs. No. 130, 132, 133).

Third, the parties are the same or are in privity with the prior Defendants. Defendants Terry and Hamm were Defendants in Plaintiff's prior case. *Id*. (Doc. No. 133). Although Defendant Marshall was not a named defendant in Plaintiff's previous case, as Attorney General he is sufficiently in privity with Defendant Hamm, the Commissioner of the Alabama Department of Corrections, because "'[t]here is privity between officers of the same government[.]'" *Lenard v. Ivey*, No. 2:22-cv-485-ECM, 2022 WL 6255052, at *2 (M.D. Ala. Oct. 7, 2022) ("'a judgment in a suit between a party and a representative . . . is res judicata in relitigation of the same issue between that party and another officer of the government'") (quoting *Sunshine Anthracite Coal Co. v. Adkins*, 310 U.S. 381, 402–03 (1940)); *see also Dandreka of Family Griggs v. Kemp*, No. 1:21-cv-4154-MLB, 2022 WL 18777373, at *2 (N.D. Ga. Mar. 18, 2022) (finding the governor of Georgia in privity with the Commissioner of the Georgia Department of Human Services because they were officers of the same government).

9

Finally, this case arises out of the same nucleus of operative facts. In Plaintiff's previous case, he brought false arrest and due process claims stemming from the Houston County Court's 2018 Order and its subsequent reversal in 2019 when it found Plaintiff had not completed his sentences in his 1998 convictions. Report and Recommendation, *Robinson*, No. 1:19-cv-39-WKW-JTA (Doc. No. 130 at 7–8). In this case and in his previous case, Plaintiff argues he finished serving his time in his 1998 convictions. *Id*. (Doc. No. 130 at 15); (Doc. No. 31 at 1). Although Plaintiff brings different legal claims in this case, "res judicata applies not only to the precise legal theory presented in the previous litigation, but to all legal theories and claims arising out of the same operative nucleus of fact." *TVPX ARS, Inc.*, 959 F.3d at 1325. Because both cases center around Plaintiff's sentences in his 1998 convictions, his assertion he served his full sentences, and his claims of over-incarceration, they arise out of the same nucleus of operative facts. Therefore, Plaintiff's claims are precluded, and the undersigned recommends Defendants Hamm's and Marshall's motion for summary judgment be granted.

Although Defendant Terry has not appeared in this case, the claims against him are due to be dismissed under 28 U.S.C. § 1915(e)(2)(B)(i) ("the court shall dismiss the case at *any time* if the court determines that . . . the action or appeal is frivolous or malicious") (emphasis added). A claim is subject to dismissal as frivolous under § 1915(e)(2)(B)(i) if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008). "A complaint lacks a basis in law, for example, where the plaintiff seeks to enforce a right which clearly does not exist, or there is an affirmative defense which would defeat the claim, such as the statute of limitations, res judicata, collateral estoppel,

or absolute immunity." *Smith v. Montgomery Cnty., Ala*, No. 2:22-cv-307-ECM-JTA, 2023 WL 8610122, at *2 (M.D. Ala. Oct. 24, 2023) (quotations omitted), *report and recommendation adopted*, No 2:22-cv-307-ECM, 2023 WL 8607006 (M.D. Ala. Dec. 12, 2023).

For the reasons stated above, the claims against Defendant Terry are barred by res judicata and thus are frivolous. *See Armbrester v. Certain Underwriters at Lloyd's London*, No. 2:20-cv-708-ECM-CWB, 2023 WL 4675954, at *3 (M.D. Ala. May 23, 2025) (recommending dismissal with prejudice as frivolous under 28 U.S.C. § 1915(e), in part, because res judicata barred the plaintiff's claims), *report and recommendation adopted*, No. 2:20-cv-708-ECM, 2023 WL 4673262 (M.D. Ala. July 20, 2023); *Hawley v. Bd. Of Regents of the Univ. Sys. Of Ga.*, 203 F. App'x 997 (11th Cir. 2006) (affirming dismissal of claims under 28 U.S.C. § 1915(e)(2)(B)(i) where the claims were barred by res judicata).

## VI.  CONCLUSION

For the foregoing reasons, it is ORDERED as follows:

1. Plaintiff's response to Defendants' motion for summary judgment (Doc. No. 31) is CONSTRUED as a Rule 56(d) motion.
2. Plaintiff's Rule 56(d) Motion (Doc. No. 31) is DENIED.
3. Plaintiff's Motion for Court Order Production of Documents (Doc. No. 34) is DENIED.

Furthermore, the undersigned RECOMMENDS as follows:

1. Defendants Hamm and Marshall's Motion for Summary Judgment (Doc. No. 29) be GRANTED.

11

2. Judgment be GRANTED in favor of Defendants Hamm and Marshall.

3. This case be DISMISSED against Defendants Hamm and Marshall.

4. This case be DISMISSED against Defendant Terry pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

It is further ORDERED that, on or before **September 12, 2025**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard, Ala.*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 28th day of August, 2025.

_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE