IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JAMES ROBINSON,                )
                               )
    Plaintiff,                 )
                               )
    v.                         )        CASE NO. 2:24-CV-00358-BL-JTA
                               )
ALCORNELIA TERRY, et al.,      )
                               )
    Defendants.                )

## ORDER[1]

Plaintiff James Robinson, proceeding *pro se* and *in forma pauperis*, filed a Second Amended Complaint under 42 U.S.C. § 1983. (Doc. 22). On April 25, 2025, Defendants Steve Marshall ("Marshall") and John Hamm ("Hamm") filed a Motion for Summary Judgment arguing that the Plaintiff's "release date has been calculated correctly" and that the "doctrine of res judicata bars the instant action." (*See* Doc. 29). On August 28, 2025, the Magistrate Judge recommended that the court grant Defendants Marshall and Hamm's Motion for Summary Judgment (doc. 29), dismiss the case against Defendants Marshall and Hamm, and dismiss the case against Defendant Alcornelia Terry—who has not appeared in this case—as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). (Doc. 35). The Plaintiff filed objections to the recommendation. (Docs. 36, 38).

---

[1] The above-styled case was reassigned to the undersigned District Judge on November 12, 2025.

1

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district judge must "make a *de novo* determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to."). A district court's obligation to "make a de novo *determination* of those portions of the report or specified proposed findings or recommendations to which objection is made" requires a district judge to "give *fresh consideration* to those issues to which specific objection has been made by a party." *United States v. Raddatz*, 447 U.S. 667, 673, 675 (1980) (internal quotations and citations omitted) (emphasis in *Raddatz*).

In his objections, the Plaintiff merely restates the facts that the Magistrate Judge considered in her recommendation and fails to challenge a specific factual finding or legal conclusion of the Magistrate Judge. The Plaintiff asserts that, although the Magistrate Judge makes reference to the prior civil complaint and refers to the ruling in that case, *see Robinson v. Hamm*, Case No. 1:19-CV-00039-WKW-JTA, the Magistrate Judge failed to mention "the ruling which was done by the

2

[Eleventh] Circuit on [that] complaint."[2]  (Doc. 36 at 2).  However, the Magistrate

Judge's lack of reference to the Plaintiff's appeal of his prior civil complaint does

not change the legal or factual basis of the Report and Recommendation and, as such,

the Plaintiff's objections do not substantively affect the Report and

Recommendation of the Magistrate Judge.  Because the Plaintiff failed to identify

an error in the Magistrate Judge's factual findings or legal conclusions, the court

**OVERRULES** the Platiniff's objections, (docs. 36, 38).

After careful review of the file and upon consideration of the recommendation

of the Magistrate Judge, the court **ADOPTS** the recommendation of the Magistrate

Judge.  Accordingly, it is **ORDERED** as follows:

1. The court **GRANTS** Defendants Marshall and Hamm's Motion for Summary Judgment (doc. 29) and enters judgment in favor of Marshall and Hamm on all claims and against Plaintiff.

2. The court **DISMISSES with prejudice** all claims against Defendant Alcornelia Terry as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).[3]

---

[2] The court takes judicial notice of the Eleventh Circuit's dismissal for failure to prosecute the Plaintiff's appeal of the court's decision in *Robinson v. Hamm*, Case No. 1:19-CV-00039-WKW-JTA (M.D. Ala.).  (*See Robinson v. Hamm*, Case No. 1:19-CV-00039-WKW-JTA (M.D. Ala.) (Doc. 142)).  Courts "may take judicial notice of public records within its files relating to the particular case before it or other related cases."  *Cash Inn of Dade, Inc. v. Metropolitan Dade Cnty.*, 938 F.2d 1239, 1243 (11th Cir. 1991).

[3] The Magistrate Judge's recommendation is silent as to whether to dismiss the claims against Defendant Terry with or without prejudice.  Here, because the claims against Defendant Terry are barred by res judicata and are thus frivolous, the court dismisses the claims against Defendant

The court will enter a separate final judgment.

**DONE** and **ORDERED** on this the 13th day of March, 2026.

_____
**BILL LEWIS**
UNITED STATES DISTRICT JUDGE

---

Terry with prejudice. *See Crenshaw v. Ellis*, No. 2:25-cv-87-WKW, 2026 WL 358292, at *4 (M.D. Ala. Feb. 9, 2026) (dismissing Plaintiff's § 1983 claims "with prejudice as barred by res judicata and as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i)").